BERTHA WITTLINGER, complainant,

*v.*

WILLIAM WITTLINGER, defendant.

[Decided March 30th, 1935.]

Mr. *Carl J. Yagoda,* for the complainant.

Mr. *Francis J. Tansey,* for the defendant-counter-claimant.

Mr. *Jacob Zimmerman,* for the defendant Sophie Vosseler.

Mr. *George Rosen,* for the defendant Anna Farro.

GROSMAN, A. M.

Complainant sued for separate maintenance. The defendant by counter-claim demanded an accounting. The bill was

dismissed and an accounting decreed. By consent the matter was referred to a master to state the account. During the course of the examination, the counter-claimant deemed it necessary to bring in as parties defendant Mrs. Sophie Vosseler and Mrs. Anna Farro, sisters of the complainant. This was done by a supplemental counter-claim. Issue was joined thereon by the defendants Vosseler and Farro and the master proceeded to state the account. His report indicates that the complainant Bertha Wittlinger should be required to account for the sum of $6,208.49; that the defendants Anna Farro and Sophie Vosseler should be ordered to turn over to the counter-claimant, William Wittlinger, eighty shares of common stock of the General Motors Corporation, originally in the name of the counter-claimant and purchased by them at sheriff's sale for the defendant Bertha Wittlinger, and also to account to the counter-claimant, William Wittlinger, for all dividends received by them on account of said stock. To this, the defendants, Bertha Wittlinger, Sophie Vosseler and Anna Farro, except.

The present proceeding is the finale of considerable litigation in this court between the defendant Bertha Wittlinger and the counter-claimant, William Wittlinger, who were formerly husband and wife. During the course of their married life, the counter-claimant, William Wittlinger, out of his earnings, purchased eighty-eight shares of General Motors Corporation common stock, title to which at all times remained in him. He also acquired five shares of stock of the Uncle Sam Building and Loan Association which stood in the joint names of Bertha Wittlinger and William Wittlinger. In addition thereto, he and his former wife maintained a joint bank account which at their parting amounted to something in excess of $3,000. About the time of the separation the defendant, Bertha Wittlinger, withdrew all of the money in the joint bank account and took possession of the securities above enumerated. She then instituted suit in this court for separate maintenance on behalf of herself and one infant child. Upon the representation that she was destitute, an order for alimony *pendente lite* and counsel fees was made

in her favor. The counter-claimant, William Wittlinger, was wholly unable to comply therewith, not only because his savings and securities had been appropriated by the defendant, but also because he lost his employment. The defendant Bertha Wittlinger then proceeded periodically to obtain writs of execution out of this court, levy upon the securities of the defendant in her possession, cause them to be sold at sheriff's sale and to be purchased in the name of her two sisters, Anna Farro and Sophie Vosseler for her use. In this manner they acquired title to eighty shares of General Motors Corporation stock and five shares of stock of the Uncle Sam Building and Loan Association. I am satisfied that defendant Bertha Wittlinger supplied her co-defendants, Sophie Vosseler and Anna Farro, with the funds with which these purchases were made and that the money used for this purpose came out of the joint savings of Bertha and William Wittlinger. Counter-claimant's own money was thus used to deprive him of his securities. I think that the co-defendants, Bertha Wittlinger and her two sisters, Sophie Vosseler and Anna Farro, conspired to strip counter-claimant of his property. It is clearly established that while the legal title to said stock is in the defendants Vosseler and Farro, the equitable title is in the principal defendant, Bertha Wittlinger. The scheme employed by them is perfectly patent.

Upon the trial of the separate maintenance suit, the bill was dismissed. The testimony disclosed that the counter-claimant, William Wittlinger, was wholly innocent of any wrongdoing and that the defendant Bertha Wittlinger was wholly at fault. With the most brazen effrontery she then instituted suit in this court for divorce on the ground of desertion. The defendant-husband counter-claimed in that suit for divorce on the ground of adultery. The wife's petition was dismissed. She was adjudged guilty of the adultery charged against her and a decree awarded to the husband.

It is significant that the only way in which the defendant Bertha Wittlinger was enabled to work out her scheme to strip the counter-claimant of his securities was by means of the order of this court for alimony *pendente lite*. It was

allowed to her for two reasons: first, because it was presumed that she was innocent, and secondly, because she represented herself to be without means to sustain herself and her child, and to prosecute her suit in this court. Both of these representations were untrue to the knowledge of the complainant and constitute a clear contempt of this court. It is manifest that had it been made known to the vice-chancellor who advised the order for alimony *pendente lite,* that said defendant, at the time she petitioned therefor, actually had in her possession a fund of upwards of $3,000 in cash, at least half of which belonged to the counter-claimant, no order for alimony would have been made. By fraudulently suppressing this fact, she induced this court to give her an allowance to which she was not entitled, both because she was in funds and because she was the wrongdoer.

The master included in his findings an allowance for alimony down to the date of the final decree in the separate maintenance suit, totaling $1,260. It would be unconscionable to permit the defendant Bertha Wittlinger to collect any moneys under an order of this court which she fraudulently obtained. Though no exception has been taken by the counter-claimant to this item, it will be disallowed on the court's own motion. Alimony was allowed at the rate of $15 per week for the support and maintenance of the defendant Bertha Wittlinger and her son. Upon the dismissal of the bill of complaint, the counter-claimant was directed to pay the sum of $5 per week for the maintenance of his child. The defendant Bertha Wittlinger will be charged with the sum of $10 per week for the period during which the order for alimony *pendente lite* remained effective. She may be credited with the sum of $5 per week for the maintenance of her child.

Any other disposition of this matter would result in permitting the complainant to profit by her own wrong. Such a result cannot be countenanced.

The exceptions to the master's report are overruled and the matter is re-referred to Howard Isherwood, Esq., the master originally designated, to restate the account in accordance with my views.