DORA LIEF, also known as DORA LEIF, petitioner,

*v.*

ADOLPH LIEF, &c., defendant.

[Decided May 15th, 1935.]

*Mr. Milton M. Unger,* for the petitioner.

*Mr. Harry J. Weiner,* for the defendant.

HERR, A. M.

The petition now presented by Dora Lief, the above named petitioner, sets forth that on August 15th, 1933, an order was entered in this cause requiring the defendant to pay her $5 a week as alimony *pendente lite* "until the further order of the court," and that he is in arrears as of April 8th, 1935, in the sum of $330, calculated on the basis of $5 per week from August 15th, 1933, to April 2d, 1935, less credits of $90.

The original proceeding was a suit by the wife for divorce on the ground of extreme cruelty. The husband counter-claimed for divorce on the ground of adultery, but abandoned his counter-claim at the final hearing. The wife's suit was heard on its merits, and on May 28th, 1934, both petition and counter-claim were dismissed by final decree. The decree is silent as to alimony, either temporary or permanent. At the

date of the entry of the final decree the defendant was in arrears in his payments of alimony under the order of August 15th, 1933, to the extent of $115.

The petitioner appealed from the final decree to the court of errors and appeals, and that court has affirmed the decree. No application was made to that court or to the court of chancery for alimony pending the appeal.

At the hearing on the present contempt proceeding, counsel for the petitioner waived claim for accruals maturing subsequent to the entry of the final decree, and confined himself to the contention that the defendant is in contempt because of the arrears of $115 which accrued prior thereto, and that this court should now so adjudge and should punish him accordingly.

The question raised is whether after a wife's suit for divorce results in a decree of dismissal on the merits, containing no reference to arrears of alimony accrued under a prior order, this court may or should go back of that decree and punish as for a contempt the husband's failure to pay such accrued alimony.

Counsel for the wife seems to assume that installments of temporary alimony, as they accrue, are in the nature of a debt, as to which the wife has a vested right, and that such right must necessarily survive a decree of dismissal of her suit although such decree lacks a saving clause as to such accruals.

The alleged contempt is civil, not criminal. A criminal contempt is conduct that is directed against the dignity and authority of the court, and may occur in either a criminal or civil action or in a special proceeding. A civil contempt consists in failing to do something ordered to be done by a court in a civil action for the benefit of the opposing party therein, and is therefore, not an offense against the dignity of the court, but against the party in whose behalf the violated order is made. *Staley* v. *South Jersey Realty Co.* (*Court of Errors and Appeals*), *83 N. J. Eq. 300; 90 Atl. Rep. 1042; L. R. A. 1917 B 113 Ann. Cas. 1916 B 955;* see *"Contempt," 13 C. J. 6 §§ 5, 6; 6 R. C. L. 490 § 3.*

A contempt proceeding to enforce temporary alimony is a civil contempt. See *Bourgeois* v. *Bourgeois, 108 N. J. Eq.*

*598; 156 Atl. Rep. 2.* In this respect it differs from a criminal contempt for the violation of an injunction. See *Staley* v. *South Jersey Realty Co., supra.*

Assuming (but not deciding) that the wife had a vested right to the installments as they accrued (see *Bolton* v. *Bolton, 86 N. J. Law 622; 92 Atl. Rep. 389; Kossower* v. *Kossower (N. J.), 142 Atl. Rep. 30; Wittlinger* v. *Wittlinger, 13 N. J. Mis. R. 349; 178 Atl. Rep. 97; 94 A. L. R. 331; 41 A. L. R. 1419; 46 A. L. R. 1200; 57 A. L. R. 1113; Plahn* v. *Givernaud, 85 N. J. Eq. 143; 96 Atl. Rep. 40; 59 C. J. 1159*), it does not follow that such right survived the decree, or that this court can or should thereafter enforce it by contempt orders.

The order for temporary alimony was interlocutory in its nature. The final decree failed to reserve any right under the order. The decree supersedes the order and disposes of it. The court speaks only through the decree, which is as eloquent in its omissions as in its express provisions. Every preceding order in the suit is terminated upon entry of the final decree unless there be an express reservation. It must be assumed that the decree settles and disposes of the whole controversy between the parties and of everything incidental or ancillary thereto. *Hayes* v. *Hayes, 150 App. Div. 842; 135 N. Y. S. 225; affirmed, 208 N. Y. 600; 102 N. E. Rep. 1104; Walter* v. *Walter, 15 App. D. C. 333; Swallow* v. *Swallow, 84 N. J. Eq. 109; 92 Atl. Rep. 872;* see *Duss* v. *Duss, 92 Fla. 1081; 111 So. Rep. 382.*

In *Walter* v. *Walter, supra,* on appeal from an order discharging a rule to show cause why the respondent should not be required to pay arrears of accrued temporary alimony, after a dismissal of the wife's suit, the court said:

"But the question is, whether, when a cause has been brought to a hearing on the merits, and an absolute decree of divorce has been rendered in favor of the husband and the wife's counter petition for divorce has been dismissed, without any reference whatever to alimony or arrears of alimony, and no provision made for the collection or payment of arrears of alimony, the wife can afterwards, and after the decree has passed beyond the power of correction in the court which

rendered it, * * * go back of that decree and enforce an interlocutory or incidental order for alimony *pendente lite* which remained partially unexecuted at the time of the rendition of the decree. This question we are compelled to answer in the negative. Whatever finality for certain purposes and under certain contingencies may inhere in the interlocutory orders of a court of equity for the payment of alimony *pendente lite* in suits for divorce, they are after all in the cause in which they were rendered only interlocutory orders incidental to the cause and subject until final hearing to modification, revocation or rescission by the same court. * * *

"The litigation between the parties in the matter of the divorce sought by both of them was terminated by an absolute and final decree; and upon every principle applicable to such cases we must assume that the final adjudication settled and disposed of the whole controversy between the parties and of everything incidental or ancillary thereto."

It is not to be intimated that the petitioner might not have properly reserved or safeguarded her right to the accrued installments of temporary alimony by an appropriate provision in the decree, or that she might not by a timely application have moved to amend the decree in this respect, but having failed to avail herself of either course she must be deemed to have waived any and all rights to such alimony, or to have received satisfaction therefor. Any other rule would be subversive of the doctrine of *res judicata,* and public policy requires that there should be finality to judgments and decrees of courts of competent jurisdiction. *Miller* v. *McCutcheon, 117 N. J. Eq. 123; 175 Atl. Rep. 155;* see *Dowling* v. *Dowling, 93 N. J. Eq. 159; 115 Atl. Rep. 378.*

The case of *McGrail* v. *McGrail, 51 N. J. Eq. 537; 26 Atl. Rep. 705,* cited by counsel is not in point. In that case a decree of divorce in favor of a husband on his counter-claim in a suit for maintenance was reversed on appeal. The temporary alimony awarded by this court and by the court of errors and appeals pending appeal was paid by the husband up to the time of the decree of reversal. The only point decided was that the decree of reversal by the appellate court

did not revive the order for temporary alimony made by this court in the first instance.

The case of *Swallow* v. *Swallow, supra* (Backes, V. C., 1924), is of more significance. The defendant petitioned for a discharge of a writ of sequestration. The wife had been granted a final decree of divorce, but had failed to obtain an award of permanent alimony. During the pendency of the action the wife was awarded alimony *pendente lite* which the husband had failed to pay. On the petition to discharge the writ of sequestration the husband offered to pay the amount of temporary alimony that had accrued up to the time of the entry of the final decree, but the petitioner insisted on payments up to time of the petition or after the decree of divorce. The vice-chancellor advised an order discharging the writ upon the defendant paying all arrearages of alimony to the entry of the final decree.

The *Swallow Case* is authority for the proposition that the operation of an order for temporary alimony terminates with the entry of the final decree. Temporary alimony is awarded to the wife during the pendency of the action and as the action is no longer pending after the entry of a final decree it ceases to operate as to the future. To the same effect, see *McGrail* v. *McGrail, supra.* In the course of the opinion in the *Swallow Case* the court (at *p. 110*) said:

"The operation of an order for temporary alimony terminates with the entry of the final decree. *Its vitality, however, survives that event.* (Italics mine.) * * * The cases cited in *Wood* v. *Wood* are also authority for the proposition that a wife's order for temporary alimony continues down to the final decree, and may be thereafter enforced, even though she be adjudged guilty."

This observation of the court in the *Swallow Case* appears to have been unnecessary to its decision for it is apparent that the right to the temporary alimony was not in issue. It clearly appeared that "the defendant now offers to pay the amount of alimony that accrued up to the time of the entry of the final decree, and prays that upon payment being made the writ be discharged." The only issue decided was that an order of temporary alimony "until the further order of

the court in the premises" does not extend beyond the entry of the final decree. The court (at *p. 111*) recognized the rule that all interlocutory orders in a cause are superseded by the final decree.

There appears no significant distinction between a final decree of divorce and a final decree dismissing a petition for divorce as respects its effect in terminating an interlocutory order for temporary alimony.

This court is aware that there are decisions and *dicta* in some jurisdictions apparently to the effect that the order for temporary alimony survives the entry of a decree of divorce or a decree dismissing a petition for divorce (see *Ex Parte Robbins, 212 Cal. 534; 299 Pac. Rep. 51; Garham* v. *Garham (Ga.), 94 S. E. Rep. 555; Caldwell* v. *Caldwell, 189 N. C. 329; 128 S. E. Rep. 329.* See *19 C. J. tit. "Divorce" 221 § 530*), but is not disposed to follow a rule which would strip a final decree of its quality of finality.

Whether the final decree of dismissal may on application be now opened and amended so as to reserve a right to accrued installments of temporary alimony. is not before the court for consideration on this application.

The conflict of authority on the question whether the dissolution of an injunction deprives the court of the power to punish for contempt for its violation results from the differing views as to the nature, whether civil or criminal, of the particular contempts dealt with. *6 R. C. L. 507; 13 C. J. 61; 51 L. R. A. (N. S.) 972 n.*

Irrespective of the foregoing objection, this court in the sound exercise of its. discretion should refuse to entertain the motion. The temporary alimony was awarded to enable the wife to maintain herself until her case could be heard, quite regardless of whether she should prove herself entitled to support. She failed at final hearing to prove her case. She managed to live in the meantime without all of the money ordered to be paid to her. She made no application to the court at any time for the enforcement of her right until the present application, made nearly a year after the entry of the final decree.

If she has any right under these circumstances let her seek its enforcement by the ordinary processes of execution. Her case is not one which should move this court to grant her the extraordinary and drastic remedy of a contempt order. See *Williams* v. *Williams, 12 N. J. Mis. R. 641; 174 Atl. Rep. 423.*

The order to show cause will be discharged, for the reasons above stated.