JAMES H. STRONG, petitioner-appellant,

*v.*

LUCILLE K. STRONG, defendant-respondent.

[Argued February 10th, 1946.   Decided May 20th, 1946.]

*Mr. Harry Green,* for the petitioner-appellant.

*Mr. Albert B. Kahn* (*Mr. William Reich,* of counsel), for the defendant-respondent.

The opinion of the court was delivered by

FREUND, J.

The three appeals in the above entitled cause will be considered together.

On October 9th, 1942, Mr. Strong filed a petition for divorce charging his wife with adultery. Mrs. Strong filed an answer denying the charge of adultery and counter-claimed for maintenance, alleging abandonment and insufficient support. After numerous hearings and the submission of considerable evidence by both parties, a decree was advised on August 12th, 1943, dismissing the petitioner's petition for divorce and, on the wife's counter-claim, decreeing that petitioner had abandoned and separated himself from his wife without any justifiable cause and had refused and neglected to maintain and provide for the defendant. The same decree further ordered Mr. Strong to pay to his wife the sum of $80 each week from and after the entry of said decree for her support and maintenance and further provided that Mr. Strong furnish a bond to his wife in the sum of $5,000 to secure the payment of the maintenance decree, together with a counsel fee of $1,000 to be paid to the solicitor of Mrs. Strong. Mr. Strong appealed from said decree and thereupon discontinued compliance with the terms of the decree. Mrs. Strong then made application to this court for maintenance pending the disposition of the appeal from said decree, whereupon an order was made by this court directing Mr. Strong to pay to his wife the sum of $80 each week for her support and maintenance. On June 5th, 1944, on Mr. Strong's application, his appeal from the decree for maintenance was dismissed. On June 13th, 1944, Mr. Strong filed a petition in Chancery praying that the decree for maintenance be modified on the ground that, on April 26th, 1944, he returned to and resumed his residence at the home of his wife in an effort to effect a reconciliation but was unsuccessful in that his wife would not co-operate with him. Mrs. Strong filed an answer denying that her husband returned to her home for the purpose of effecting a reconciliation and further alleged that the obvious purpose of her husband's return to her home was to rid himself of his obligation to support and maintain her in accordance with the said maintenance decree. Mrs. Strong, by her answer, further alleged that her husband failed to make the payments as provided in the maintenance decree from August 30th, 1943, to October 23d, 1943, and from April

24th, 1944, to September 11th, 1944. The advisory master heard the testimony on the petition and answer and, on October 5th, 1945, advised an order dismissing the petitioner's petition. It is from the latter order that the husband brings this appeal, which appeal is known as No. 212.

The appellant alleges that the issue on this appeal is whether a maintenance decree for abandonment and separation ceases when a husband has returned and resumes living at the home of his wife and his wife, without justifiable cause, has left her home and stays away.

Mrs. Strong contends that Mr. Strong did not make a true repentance nor was he sincere in his efforts to effect a reconciliation, and in this respect relies upon *Parker* v. *Parker, 57 N. J. Eq. 577; Scotland* v. *Scotland, 96 N. J. Eq. 49; Popovics* v. *Popovics, 98 N. J. Eq. 350,* and *Shore* v. *Shore, 96 N. J. Eq. 661.* The advisory master found, and we agree, that the offer to terminate the separation was not made in good faith and that the husband "had no intention of returning to live with his wife." Mr. Strong offered neither an apology nor an explanation for any of his mistreatment of Mrs. Strong. Both parties, when the litigation was originally instituted, charged each other with adultery and both were unable to prove the alleged acts of adultery. However, the husband, subsequent to the findings of the advisory master denying Mr. Strong's charge of adultery against his wife, persisted in charging his wife with committing adultery. In furtherance of his nefarious scheme, Mr. Strong on April 1st, 1944, employed a private detective to spy on his wife, who in the guise of a sick and disabled war veteran obtained a room for several days in Mrs. Strong's home. Within a few days, the plan was discovered and Mrs. Strong called a state trooper who removed the detective from the premises. It was then that Mr. Strong made a complaint against the state trooper alleging that Mrs. Strong had committed adultery with the state trooper.

There was other corroborating evidence of the questionable conduct of Mr. Strong toward his wife subsequent to the entry of the decree dismissing the husband's charge of adul-

tery against his wife, but it will serve no useful purpose to detail all the evidence.

There can be no doubt that considerable bitterness has been engendered between the respective parties but, where the husband persists at the slightest provocation in accusing his wife of adultery without proof, it is not surprising that Mrs. Strong should receive his overtures with some misgivings and question the advisability of cohabitation in the absence of tangible proof of his sincerity and good faith.

The next appeal, No. 211, is from an order directing that the petition of the petitioner be dismissed which sought to open, vacate and set aside the decree of August 12th, 1943, dismissing the petition for divorce on the grounds of adultery and ordering the payment of maintenance and awarding taxed costs to the defendant including a counsel fee of $350, upon the ground of newly discovered evidence. The appellant appeals upon the grounds that "(a) Court of Chancery abused discretion in refusing to reopen decree and (b) in granting an excessive counsel fee."

The appellant admits that "an application of this character lies within the sound discretion of the court," and where an order refusing to open a decree was neither an abuse of discretion nor the result of mistake or of any imposition practiced on the court, this court will not review such order for the mere purpose of substituting its discretion for that of the Court of Chancery. *Investment Building and Loan Association* v. *Athene Holding Co., 132 N. J. Eq. 309;* *Kaffitz* v. *Clawson, 134 N. J. Eq. 494.*

The appellant has the burden of showing that the alleged newly discovered evidence was such as, if unanswered, would either clearly entitle the petitioner to a decree, or raise a question of such difficulty as to be the fit subject of a judgment in the cause; and the new evidence must be competent; it must be evidence discovered since the conclusion of the suit which could not with reasonable diligence have been adduced at the final hearing. *Traphagen* v. *Voorhees, 45 N. J. Eq. 41.*

The appellant has failed to meet the burden of proof upon any of the aforesaid requisites. The newly discovered evidence submitted by affidavit solely tends to impeach the char-

acter or impair the credibility of witnesses examined on behalf of the defendant and touches only upon facts which were in controversy at the final hearing. Some of the evidence is incompetent and incredible and, in reasonable probability, none of it would have affected the judgment entered. The appellant makes no showing that any of the alleged newly discovered evidence was not procurable in time for the final hearing, nor that it could not, with reasonable diligence, have then been discovered. From the affidavits submitted, it appears that all of the witnesses and their testimony were available at the final hearing if reasonable diligence had been exerted to obtain them. Most of the alleged witnesses were appellant's employees or their relatives.

The alleged newly discovered evidence purports to establish that, in 1942, Mrs. Strong committed adultery with one Grannick. The appellant, in renewing his charge of adultery against his wife without the requisite proof to sustain the charge, satisfies us that his offer to terminate the separation between him and his wife was not made in good faith. The offer to resume cohabitation presupposes forgiveness but this appellant demonstrates that the showing of forgiveness is merely a pretense designed to take from the wife the fruits of her decree.

The third appeal is No. 222, from an order wherein it was ordered that Mr. Strong "is guilty of contempt of this court in refusing and neglecting to perform the decree of this court requiring him to pay to the defendant the sum of $6,195, being the total amount of installments of alimony due and owing up to and including the 1st day of October, 1945," with a further order to commit the husband to the county jail until he pays the amount due, together with a counsel fee of $150.

The appellant argues that his appeal from the order dismissing the petition to reopen or vacate the maintenance decree served to stay the contempt proceedings, until the determination of the appeal, since Mr. Strong was unduly delayed by his wife in bringing on his petition to vacate to a hearing. We see no merit in the husband's contention. He was not relieved from the duty of compliance by a mere presentation

of the petition to reopen or vacate the decree for maintenance on his statement that he had tried in good faith to terminate the separation. As previously stated, on August 12th, 1943, the decree for maintenance was entered and an appeal was taken from said decree, but on June 5th, 1944, the appellant abandoned said appeal. The order of October 5th, 1945, denying the application of the appellant to reopen or vacate the maintenance decree leaves the said decree in full force and effect. The decree in question is final in all its qualities. The appellant has paid little or nothing to the defendant of the amount directed to be paid by the decree, claiming he was no longer bound under the decree because he had effected or in good faith attempted to effect a reconciliation with his wife. These claims have been answered by the disposition of the other appeals. The force and effect of the wife's final decree continues until it is vacated, modified or reversed. The appellant could have applied for an order to stay the operation of the decree pending the appeal but this was not done and the mere filing of appellant's appeal from the order denying appellant's application for a modification of the decree did not operate as a stay when the decree itself was not under appeal. Mr. Strong was bound by the terms of the final decree and his failure to abide by the terms thereof placed him in the position of refusing to comply with the decree entered in the court below.

The appellant further argues that the present contempt proceeding is criminal or *quasi*-criminal in character and appellant is entitled to all the protection accorded to one accused of crime. While the petition and order to show cause call for "punishment for contempt" rather than for remedial relief to Mrs. Strong, we regard the proceedings essentially a civil contempt designed to afford relief *inter* parties.

The appellant further contends that his rights were invaded when he was called as a witness by Mrs. Strong; being subject to a penalty, he therefore could not be compelled to testify, whether the proceedings be classed as criminal or civil. The provisions of *R. S. 2:97–8* exempts a party from testifying at the call of the adverse party "in any action brought to recover a penalty or to enforce a forfeiture. This section

shall not apply to actions for divorce." The appellant can make no complaint for being called as a witness for the reason that, while being called by the wife's solicitor to testify, Mr. Strong refused to testify and, when asked by the court if he intended to respond to the call, his answer was "Your Honor, I stand mute," so no harm came to Mr. Strong.

Mrs. Strong did not testify as a witness in this proceeding. She was in the far west when the matter came on for hearing. The issue was determined on her *ex parte* affidavit and this is assigned for error. We do not think there was any error in the circumstances. *Miles* v. *Miles, 105 N. J. Eq. 199,* appears to be authority for the proposition that the issue was determinable by *ex parte* affidavits. *Davis* v. *Davis, 135 N. J. Eq. 129.* However, we do not accept this rule without some qualification but, in the case *sub judice,* Mr. Strong was not in any respect prejudiced. Mr. Strong did not take the stand, obviously because he could not controvert the *ex parte* proof as to the *quantum* of the arrears of alimony. He had previously admitted his default from the witness stand in one of the contemporary proceedings in the cause. He relies upon a line of cases which give considerable significance to the failure of the husband over a long period of time to obey the order for alimony without complaint by the wife. It is contended that if the circumstances of the wife had been such that she had no need for alimony, or if the wife for any reason had waived the payments, that there could be no adjudication for contempt. It would seem to follow that if the proceeding is remedial and we think there can be no doubt about this, the wife's acquiescence in the default or waiver in the payments due would absolve the husband from the charge of contempt. The question is whether the appellant husband in these circumstances is warranted in calling for the wife's testimony as to the conditions of her failure to complain of the non-payment of the alimony for more than a year prior to the contempt application and not until Mr. Strong had interposed his petition to reopen or vacate the decree for maintenance. These are affirmative defenses and the burden of the proof thereof is upon the husband. When the wife has established the making of the order for non-

compliance, without more, it is then incumbent upon the husband to produce proof which would exculpate him from the obligation of performance of the terms of the order. Obviously, the husband on his behalf had presented in full the matters which would call for a vacation of the decree for maintenance and, when he was held in contempt, it had been judicially established that there was no substance in his case.

The appellant has also appealed from the allowance of counsel fees of $1,000 in No. 212, $350 in No. 211 and $150 in No. 222. We have carefully considered the allowance in each of these matters. Each proceeding, now the subject of appeal, was instituted by the appellant, wherein the defendant was obliged to defend herself and she has done so successfully. The allowances are fair and reasonable under the circumstances.

We have considered the other grounds of appeal and we are satisfied they are without merit.

On the appeal in No. 212, the order dismissing the petitioner's petition to reopen or vacate the final decree is affirmed.

On the appeal in No. 211, the order dismissing the appellant's petition to open the final decree upon the ground of newly discovered evidence is affirmed.

On the appeal in No. 222, the order wherein the appellant was adjudged in contempt is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, OLIPHANT, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, JJ. 12.

*For reversal*—None.