15 N.J. Super. 492 (1951)
83 A.2d 643
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RAYMOND McKINLEY CHAFFMAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 17, 1951.
Decided October 8, 1951.
*494 Before Judges McGEEHAN, JAYNE, and WM. J. BRENNAN, JR.
Mr. Leonard Tolkoff argued the cause for appellant (Mr. Edward F. Broderick, attorney).
Mr. John D. Collins, Morris County Prosecutor, argued the cause for respondent; Mr. Bertram M. Berla, on the brief.
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
The defendant appeals from a judgment entered on April 11, 1951, in the Morris County Court, adjudging that, as of December 9, 1949, he was $485 in arrears on an order for the support of his wife, entered in that court on November 18, 1946, adjudging him guilty of criminal contempt for willfully refusing to comply with said order and committing him to the Morris County Jail for imprisonment for a period of 90 days, unless sooner discharged by the court.
On November 18, 1946, before the Court of Quarter Sessions of Morris County, the defendant pleaded not guilty to an indictment charging him with desertion and non-support of his wife, she being in destitute and necessitous circumstances, in violation of R.S. 2:121-2. At that time he consented to the entry of an order which required him to pay to the probation officer, as trustee for his wife, the sum of *495 $5 per week and provided for his release on probation upon his entering into a recognizance with himself as surety in the sum of $500. The defendant entered into this recognizance and was released on probation.
On February 21, 1951, a motion was made by the county prosecutor to adjudge the defendant in criminal contempt of court, and in the moving papers it was set forth that:
"2. On November 18, 1946, defendant consented to an order of this Court requiring defendant, Raymond McKinley Chaffman, to pay $5.00 per week to the Probation officer, for the support of his wife.
3. On February 7, 1947, by order of this Court defendant was ordered to pay $15.00 per week for the support of his wife.
4. * * * On November 7, 1947, defendant appeared before the Court and was released from custody and ordered to comply with said order of $15.00 per week and to pay $5.00 per week on arrears, which had accumulated to that date.

* * * * * * * *
7. Defendant has made no payments on account of said orders since November 26, 1947, and there is now due (after consider the order, as having been suspended, during the period of defendant's injury from November 28, 1947, to May 25, 1949) and owing upon said orders of November 18, 1946, and February 7, 1947, the sum of Eight Hundred and Ten Dollars, up to December 9, 1949. * * *"
An order to show cause issued which ordered the defendant to show cause "why he should not be adjudged in criminal contempt of this court for the failure and neglect of the defendant, Raymond McKinley Chaffman, to comply with orders of this court in the above entitled matter, which orders were dated November 18, 1946, February 7, 1947, and November 7, 1947, concerning payment of support monies to the chief probation officer of the County of Morris, for the support and maintenance of defendant's wife, Bessie Chaffman."
When the hearing opened, the attorney for defendant made application for the fixing of an early date for the trial of the indictment or, in the alternative, for dismissal of the indictment. From the record before us, it does not appear that the court took any action upon this application.
*496 On this appeal we are not concerned with the claimed violation of the order of February 7, 1947, or the order of November 7, 1947, because there was no proof that either order was binding on the defendant. At the hearing it was conceded that the defendant had paid $310 on account of the order of November 18, 1946, and that the total amount due as of December 9, 1949, was $410 if this order was suspended from November 28, 1947, to May 25, 1949, as stated in the motion papers. The defendant tendered to the court $105 as full payment of the arrears on the order for the periods charged, on his theory that a total of $410 became due during these periods and he had already paid $305 thereof (actually $310). The trial court refused the tender on the ground that the allegation made by the chief probation officer in the moving papers, that the order was considered as suspended during the period of the defendant's injury from November 28, 1947, to May 25, 1949, was without any force because the power to suspend the order rested in the court alone. The court then found that under the 1946 order the defendant was required to pay $5 per week during the whole period from November 18, 1946, to December 9, 1949, which amounted to $795; that he had paid $310 thereof, leaving a balance due as of December 9, 1949, of $485, and adjudged the defendant guilty of a criminal contempt because he was in arrears on the 1946 order in the amount of $485.
Reference must be made to the legislation involved. The Uniform Desertion and Non-Support Act (10 Uniform Laws Annotated) was adopted in New Jersey, with some change, by L. 1917, c. 61, and is now found in R.S. 2:121-2 to 2:121-7, inclusive. The defendant was indicted for violation of R.S. 2:121-2 and the 1946 support order was made pursuant to R.S. 2:121-4. Sections 2:121-2 to 5 provide:
"2:121-2. Any husband who shall desert or willfully neglect or refuse to provide for the support and maintenance of his wife, in destitute or necessitous circumstances, or a parent who shall desert or willfully neglect or refuse to provide for the support and maintenance of his or her minor child or children, in destitute or necessitous *497 circumstances, shall be guilty of a misdemeanor, and shall be punished by a fine not exceeding five hundred dollars ($500.00) or imprisonment with or without hard labor, as the court may direct, for a term not exceeding three years, or both. If a fine be imposed, the court may direct the same to be paid in whole or in part to the wife, or to the guardian, custodian or trustee of said minor child or children.
2:121-3. At any time after a sworn complaint shall have been made charging an offense under section 2:121-2 of this Title, and before the grand jury of such county shall have considered the complaint, upon petition of any party interested, and upon notice to the defendant, the county court, or the criminal judicial district court, or the juvenile and domestic relations court or any other court or magistrate having jurisdiction of the county wherein the complaint is made, may enter such temporary order as may seem just, providing for the support of the said wife or children, or both, pendente lite, and may punish a violation of such order as for contempt.
2:121-4. Before the trial, with the consent of the defendant, or at the trial, on entry of a plea of guilty, or after conviction, instead of imposing the penalty provided for by section 2:121-2 of this title, or in addition thereto, the court in its discretion, having regard to the circumstances and to the financial ability or earning capacity of the defendant, may make an order, which shall be subject to change by the court from time to time as circumstances may require, directing the defendant to pay a certain sum periodically to the wife, or to the guardian, or custodian of the minor child or children, or to an organization or individual approved by the court as trustee, and to release the defendant from custody on probation, upon his or her entering into a recognizance, with or without surety, in such sum as the court or a judge thereof in vacation may order and approve. The condition of the recognizance shall be such that if the defendant shall personally appear in court whenever ordered to do so, and shall further comply with the terms of the order, or of any modification thereof, such recognizance shall be void, otherwise in full force and effect.
2:121-5. If the court be satisfied by information and due proof under oath that the defendant has violated the terms of the order, it may forthwith proceed with the trial of the defendant under the original charge, or sentence the defendant under the original conviction or plea of guilty, or enforce the suspended sentence, as the case may be. In case of forfeiture of a recognizance, and the enforcement thereof by execution, the sum recovered may, in the discretion of the court, be paid in whole or part to the wife, or to the guardian, custodian or trustee of such minor child or children."
Even if the Morris County Court had power to hold the defendant in criminal contempt of court for a violation of *498 this 1946 order, the judgment entered is invalid. In any proceeding for contempt not committed in the actual presence of the court, the contemner must be fairly informed, in advance of the hearing, of the essential facts constituting the contempt charged (Rule 3:80-2), and no valid judgment can be entered which adjudges the contemner guilty of contempt for any violation not included in the contempt charged. The only contempt charged against this defendant was that he failed to make the required payments during the periods beginning November 18, 1946, and ending November 28, 1947, and beginning May 25, 1949, and ending December 9, 1949. Since the judgment under appeal found the defendant guilty of contempt for failure to make the required payments not only during the period charged, but also for failure to make them during the period beginning November 28, 1947, and ending May 25, 1949, the judgment is invalid.
The judgment is also invalid because a violation of a support order made under R.S. 2:121-3, or an order made after indictment and before trial or plea of guilty under R.S. 2:121-4, constitutes a civil contempt and not a criminal contempt. The main purpose of the statute (R.S. 2:121-2 to 7) is to provide for destitute wives and children of husbands who desert or neglect or refuse to support and maintain them. The entire fine imposed under R.S. 2:121-2 may be paid in whole or part to the wife or the trustee of the children. The entire penalty imposed in favor of the State may be suspended under R.S. 2:121-4, if the defendant gives guaranty that he will provide the support ordered by the court. From this, it appears that support orders made under this statute are made primarily in the interest of the wife or child. A proceeding for violation of such an order, if regarded as a contempt, is essentially one to coerce one party for the benefit of another party and is civil in nature. People v. Elbert, 287 Ill. 458 (Sup. Ct. 1919); cf. Nussbaum v. Hetzer, 1 N.J. 171 (1948). Contempt proceedings for violation of like orders of the Chancery Division, such as orders for alimony or for support and maintenance, are civil in nature. Strong *499 v. Strong, 138 N.J. Eq. 302 (E. & A. 1946); Lief v. Lief, 14 N.J. Misc. 27 (Ch. 1935).
In addition, the court should have acted upon defendant's application for the fixing of a date for an early trial. That such action should be taken is implicit in the provisions of R.S. 2:121-5. Contempt proceedings, civil in nature, are prosecuted pursuant to Rule 3:80-2, and the judgment which may be entered against the accused is limited by Rule 3:80-3 to commitment until the order is obeyed and performed and the fine (which shall not exceed $50) and costs, if any imposed, is fully paid. Cf. Nussbaum v. Hetzer, above.
The judgment is reversed.