21 N.J. Super. 352 (1952)
91 A.2d 220
ELSIE E. EBERHARDT, PLAINTIFF-RESPONDENT,
v.
JOHN F. EBERHARDT, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 8, 1952.
Decided September 17, 1952.
*353 Before Judges McGEEHAN, BIGELOW and SMALLEY.
Mr. George F. Losche argued the cause for the appellant.
No one appeared for the respondent.
The opinion of the court was delivered by SMALLEY, J.S.C.
This is an appeal from an order of the Juvenile and Domestic Relations Court of the County of Bergen entered on January 22, 1952, holding the defendant-appellant in contempt. The record leading to the adjudication complained of and the non-appearance by the plaintiff-respondent, perhaps contribute in making the understanding of just what took place in the court below not a simple task.
It would appear, however, that plaintiff and defendant were married on June 20, 1925 and separated in the month of September 1946. On October 6, 1947 plaintiff filed a petition in the Bergen County Juvenile and Domestic Relations Court claiming desertion and non-support, which resulted in an order by that court on October 23, 1947 requiring defendant to pay $60 per week "without prejudice."
In May 1948 defendant went to live in Florida and obtained a divorce and remarried in the latter part of December 1948 in New York City. On February 7, 1951 plaintiff filed another or new complaint in the Bergen County Juvenile and Domestic Relations Court for desertion and non-support, which resulted in an order under date of March 29, 1951 which recites that defendant consented to pay $1,000 to the plaintiff and "Mr. Eberhardt is purged of contempt in the amount in arrears and the defendant shall pay the sum of $10.00 per week starting today, March 29, 1951."
On October 11, 1951 defendant was again in the Bergen *354 County Juvenile and Domestic Relations Court in response, we believe, to a notice requiring his presence to answer a complaint for desertion and non-support. This hearing was continued to October 25, 1951 and the defendant moved to vacate the order of the court below dated October 23, 1947, as modified by the order of March 29, 1951, relying at least, in part, on the fact that the defendant had obtained a divorce from the plaintiff in the State of Florida on December 7, 1948 and thereby questioned the jurisdiction of the Domestic Relations Court.
The Bergen County Juvenile and Domestic Relations Court, by written opinion filed December 13, 1951, denied the motion, was critical, and properly so, that the Florida decree had not been brought to the court's attention by former counsel, and ordered the defendant to pay the sum of $200 to the plaintiff on or before December 27, 1951.
On January 22, 1952 the following order was entered
"This matter being opened to the Court in the presence of Edward A. MacDonald, Esquire, Attorney for the Plaintiff herein, and George L. Losche, Esquire, Attorney for the defendant, and the court having heard the arguments of counsel and having studied the brief filed herein on behalf of the defendant;
It is on this 22nd day of January, 1952, ordered that the Motion of the defendant to vacate an order of this court, dated October 23rd, 1947, as modified by an order of this court dated March 29th, 1951, be and is hereby dismissed.
It is further ordered that the motion of the plaintiff to hold the defendant in contempt of court for failing to carry out the terms of the order of this court of October 23rd, 1947 as modified by an order of March 29th, 1951, is hereby granted.
It is further ordered that the defendant pay to the plaintiff the sum of $240.00 on or before the 31st day of January 1952 and further that the defendant pay to the plaintiff the sum of $10.00 per week for her support and maintenance.
It is further ordered that should the defendant fail to comply with the terms of this order that an order of commitment will issue.
 (Signed) Thomas L. Zimmerman,
 Judge,
 Juvenile & Domestic Relations Court
 in and for the County of Bergen
 Dated: Jan. 22, 1952."
*355 It will be noted that the order recites that the motion of the plaintiff to hold the defendant in contempt of court for failing to carry out the terms of the order of the court of October 23, 1947, as modified by a further order of March 29, 1951, was granted. From such order the defendant appeals and contends in part that he may not be found guilty of contempt without notice that he is so charged, that no opportunity was given to deny or confess the truth of some definite charge, and further, that he may not be found guilty of contempt without being given a hearing. Rule 3:80-2, in so far as applicable, provides:
"Every other contempt, whether of a criminal or civil nature, shall be prosecuted on notice, and if it occurs in an action, it shall be prosecuted in the action in which it occurs. The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense and shall state the essential facts constituting the contempt charged. Whether the contempt charged is criminal or civil in nature, the notice may be given by an order to show cause."
Rule 3:87-3 provides:
"All applications to hold a person in contempt for failure to comply with the provisions of any order or judgment in a matrimonial cause, shall be made in accordance with Rule 3:80-2."
State v. Chaffman, 15 N.J. Super. 492 (App. Div. 1951) at page 498, clearly we think, enunciates the rule and procedure in such matters:
"In any proceeding for contempt not committed in the actual presence of the court, the contemner must be fairly informed, in advance of the hearing, of the essential facts constituting the contempt charged (Rule 3:80-2), and no valid judgment can be entered which adjudges the contemner guilty of contempt for any violation not included in the contempt charged."
We are unable to find any indication of any motion by the plaintiff to hold the defendant in contempt. Certainly no notice was given by order to show cause or otherwise *356 informing the defendant of the proceedings in contempt. We do not find any contempt committed in the presence of the court, not that the contemner was fairly informed in advance of the hearing of the essential facts concerning the contempt, but rather we do find that he was notified to appear by reason of a further complaint being filed for desertion and non-support.
Finding, as we do, that there has not been a compliance with the prescribed rules of sound procedure, it is unnecessary to consider such other arguments as advanced by the defendant.
Reversed. No costs.