EMMA C. DOMICOLO, PLAINTIFF, v. JOHN DOMICOLO, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided September 27, 1954.

*Mr. J. Mortimer Rubenstein,* attorney for plaintiff.

*Mr. Louis Santorf,* attorney for defendant.

HEGARTY, J. S. C.   Plaintiff's notice of motion, supported by her affidavit, is for an order: (a) to have the defendant adjudged in contempt for his failure and refusal to comply with an order for alimony *pendente lite* entered in this cause on January 2, 1952; (b) committing the defendant John Domicolo to jail until he shall have purged himself of his contempt; (c) counsel fees and costs of application.   Her affidavit shows defendant obeyed the directive in the *pendente lite* order by making payments to her of $25 per week, for her own support and maintenance, from January 2, 1952 until March 30, 1954, when he ceased making said payments.   On July 10, 1954, without prior consent of her attorney or his associate in this matter, a judgment of dismissal of her complaint was entered.   The arrearages due and owing by defendant under said *pendente lite* order up to July 10, 1954 is the sum of $350.

An examination of the said order discloses that in addition to the weekly payments of $25 ordered to be made to the plaintiff, defendant was also required to pay $15 per week for support and maintenance of Joan Domicolo, infant child of the marriage in the custody of plaintiff, a total of $40 per week.

This court in its opinion, decided March 30, 1954, filed April 2, 1954, directed the dismissal of plaintiff's complaint and provided for increased support of the infant child from $15 to $25 per week.

The judgment of dismissal of plaintiff's complaint was not submitted to her attorney for approval as to form before it was presented on July 10, 1954 for signing and filing in the cause.   However, on March 30, 1954 defendant commenced paying the sum of $25 per week for support of the infant child.   The elapsed time from March 30, 1954 to July 10, 1954 is admitted to be 15 weeks.   Plaintiff admits the equities in the situation will not permit a greater allow-

ance to her than the difference between the $25 paid weekly for the child after March 30, 1954 and up to July 10, 1954, and the total $40 weekly payment for the support of herself and child as provided in said *pendente lite* order.

In 10 *New Jersey Practice (Herr, Marriage, Divorce and Separation)*, § 387, the termination of awards *pendente lite* is discussed, as follows:

"A judgment dismissing the wife's complaint for divorce terminates prospectively an order for temporary alimony and in the absence of a saving clause in the judgment of dismissal the wife loses whatever rights she may have had to accrued installments. And so with the dismissal of the wife's complaint for separate maintenance. * * *. In every case the wife should preserve her claim to unpaid accrued installments under the interlocutory order by an express reservation in the judgment of dismissal. * * *."

*Lief v. Lief*, 14 *N. J. Misc.* 27, 178 *A.* 762 (*Ch.* 1935); *Wilson v. Wilson*, 14 *N. J. Misc.* 33, 47, 181 *A.* 257 (*Ch.* 1935).

Obviously, in the circumstances, plaintiff did not have opportunity to preserve her claim to unpaid accrued installments by an express reservation in the judgment. The defendant's failure to adhere to the provisions of *R. R.* 4:55-1 created a situation which did not relieve him of the obligation to pay the sum ordered *pendente lite*. He is, however, entitled to credit for the reduced amounts paid by him on account thereof. It is admitted the amount which plaintiff seeks from defendant is $225.

After a full consideration of all the circumstances appearing, the arguments of counsel and the law, I have concluded on a finding of fact that plaintiff is entitled to have payment from the defendant of the sum of $225, representing the difference between the sum of $25 paid weekly, for a period of 15 weeks, by defendant, instead of the sum of $40 which should have been paid by him in accordance with *pendente lite* order. In addition the defendant shall pay to plaintiff or to her attorney a reasonable attorney fee in the sum of $35 and costs of the application to be taxed.

Counsel shall present a conformable order. See *R. R.* 4:55-1.