68 N.J. Super. 271 (1961)
172 A.2d 231
PAUL L. BAUCUM, PLAINTIFF-APPELLANT,
v.
NEW JERSEY PAROLE BOARD, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 19, 1961.
Decided June 26, 1961.
*273 Before Judges PRICE, GAULKIN and SULLIVAN.
Mr. John F. Butler (assigned) argued the cause for the appellant.
Mr. Eugene T. Urbaniak, Deputy Attorney General, argued the cause for the respondent (Mr. David D. Furman, Attorney General of New Jersey, attorney).
PER CURIAM.
On his plea of guilty, Baucum was sentenced to a term in State Prison plus a fine of $1,000 for refusing to support his destitute wife, in violation of N.J.S. 2A:100-2, and, on a separate count, to a similar and concurrent term plus a $1,000 fine for refusing to support his destitute children, in violation of said statute. Pursuant to said statute, the sentencing judge directed that the fines be paid to the wife and the children.
In December 1956 Baucum was paroled to pay the fines. He violated his parole, and was returned to the State Prison in August 1958. On March 25, 1959, having completed the confinement portion of his sentence, he was again paroled to pay the fines, in installments. Again he defaulted and, in July 1959, he was returned to the prison. In December 1959 he was again paroled; again he defaulted and was returned to the prison, where he now remains "working off" his fine at the rate of $3 per day, as provided by N.J.S. 2A:166-16.
Baucum challenges his confinement on the ground that N.J.S. 2A:166-16 applies only to fines (and costs of prosecution) and not to penalties, and that, since the court ordered him to pay the money to his wife and children, it is not a fine but at most a penalty; that for the failure to pay such a penalty he may be subject to contempt or other civil process, or perhaps to action under N.J.S. 2A:58-1 or other statutes, but he may not be imprisoned for it under N.J.S. 2A:166-16.
*274 N.J.S. 2A:164-18 provides that where a defendant is convicted he shall be kept in prison until the time of his confinement shall have expired and "the fine or fines and cost of prosecution be paid or remitted, or until he shall be otherwise discharged according to law." This provision is implicitly part of every sentence imposing a fine, including sentences for violation of N.J.S. 2A:100-2. Therefore, in default of payment of a fine imposed under the latter statute, or other discharge according to law, a person subjected to a fine under this statute must be held in confinement. However, this confinement will not continue indefinitely. N.J.S. 2A:166-16 provides that any person held in confinement in a state penal institution solely in default of payment of a fine shall be given credit against the fine at the rate of $3 for each day of confinement.
It is true that N.J.S. 2A:164-18 and 2A:166-16 speak only of fines, but so does 2A:100-2, the statute under which defendant was sentenced. We find no merit in the contention that the direction that the money be paid to the wife and children converted the fine into something else.
N.J.S. 2A:100-2 through 7 are substantially similar to, and drawn from, the Uniform Desertion and Nonsupport Act, 10 U.L.A. However, the Uniform Act does not contain the provision "If a fine be imposed, the court may direct the same to be paid in whole or in part to the wife, or to the guardian, custodian or trustee of said minor child or children." Those words were added to the Uniform Act not to turn the criminal sanctions of 2A:100-2 into civil penalties but merely as an additional means of carrying out the primary purpose of the Uniform Act, namely to provide for destitute wives and children and to avert the need for public maintenance. State v. Monroe, 30 N.J. 160 (1959); State v. Chaffman, 15 N.J. Super. 492 (App. Div. 1951).
Without such provision, if the husband elected to pay the fine rather than to provide for his family, the fine would go into the public treasury and, the wife and children being destitute, a public treasury  not necessarily the same *275 one  would have to support them. The Legislature therefore wisely provided, by the addition of the quoted words, for the payment of the fine directly to the wife and children to help towards their support. Other sections of the act provide for support orders and for civil penalties for violation thereof, but they are in addition to, and not in detraction from, the criminal sanctions contained in N.J.S. 2A:100-2. For example, N.J.S. 2A:100-4 provides (emphasis ours) that with defendant's consent "on entry of a plea of guilty, or after conviction, instead of imposing the penalty provided for by section 2A:100-2 of this title, or in addition thereto, the court * * * may make an order * * * directing the defendant to pay a certain sum periodically" to the wife and children. Therefore, the court may impose a prison sentence and a fine payable to the wife and children (as N.J.S. 2A:100-2 expressly provides) and, in addition, may enter a support order under 2A:100-4. Violation of the support order could then be punished only by contempt, for the criminal sentence could not be increased. On the other hand, the sentence would have to be served and the fine paid, as all sentences must be served and fines paid, pursuant to N.J.S. 2A:164-18 and 2A:166-16. If the defendant were paroled, any violation of parole or failure to pay the fine imposed under 2A:100-2 would be punishable in the same fashion as penal sanctions are enforced in all other criminal cases, and the fact that the fine is made payable to the wife and children under 2A:100-2 would make no difference.
The appeal is dismissed.