JOAN M. OGDEN, COMPLAINANT, v.
JOHN E. OGDEN, DEFENDANT.

Juvenile and Domestic Relations Court
Union County

Decided June 14, 1968.

*Mrs. Joan M. Ogden,* complainant, *pro se.*

*Mr. William N. Ogden* for defendant (*Messrs. Ogden and Sutphen,* attorneys).

KENTZ, J. J. & D. R. C. The parties to this suit were divorced on November 21, 1967 by a judgment entered on the grounds of desertion in the Superior Court of New Jersey, Chancery Division, in favor of defendant and against complainant herein. Complainant in this proceeding now seeks to obtain the arrears accrued under an order for her support entered in the Juvenile and Domestic Relations Court of Somerset County, and transferred to this court prior to the entry of the aforesaid judgment of divorce. The pertinent facts follow.

On January 8, 1963 complainant filed a complaint for support in the Juvenile and Domestic Relations Court of Somerset County, in which county both parties then resided. A hearing was held on February 14, 1963. At the hearing defendant contended that he was not liable for the support of his wife since she was the wrongdoer. The court found otherwise and a support order was entered on February 15, 1963, whereby defendant was ordered to pay $50 per week — $10 for complainant and $40 for the four children of the marriage who were then in complainant's custody.

On September 29, 1967 the Somerset County Juvenile and Domestic Relations Court ordered that the complaint and order of support be transferred to Union County with existing arrearages. Defendant made his last payment on the Somerset County order on September 30, 1966, at which time he took custody of the four children. On that date the arrears were $1,100. Complainant seeks this amount plus $10 per week, from September 30, 1966 until the entry of the judgment of divorce.

Defendant denies the existence of any arrears insofar as they relate to the payments allocated for the support of complainant, and contends that he is not liable therefore since the divorce was granted in his favor and the Superior Court failed to reserve in its judgment any arrears under the support order here in question. Furthermore, defendant argues that since his contention at the hearing in the Somerset County Juvenile and Domestic Relations Court that his wife was a wrongdoer and not entitled to support was confirmed by the entry of a judgment for divorce in his favor by the Superior Court, the judgment should be given retroactive effect and any arrears resulting from the order for her support should be cancelled. He cites as authority *Lief v. Lief*, 14 *N. J. Misc.* 27, 178 *A.* 762 (*Ch.* 1935), affirmed, 117 *N. J. Eq.* 483 (*E. & A.* 1935).

The sole issue here is the effect, if any, a judgment for divorce has on arrears accumulated under a prior order of support of the Juvenile and Domestic Relations Court where the

judgment is granted in favor of defendant in the support proceeding and fails to reserve arrears in favor of the unsuccessful party, and where defendant had urged nonliability for support of his wife at the hearing in the Juvenile and Domestic Relations Court because she was the wrongdoer and such wrongdoing was the basis for the divorce judgment. This presents a novel question in New Jersey.

Without needlessly going into excessive citation, some general principles may set the stage for my decision. Beyond question a husband is liable for the support of his wife during the marriage and for his children during their minority. *Turi v. Turi*, 34 *N. J. Super.* 313 (*App. Div.* 1955); *Daly v. Daly*, 21 *N. J.* 599, 609 (1956); *Fischer v. Fischer*, 24 *N. J. Super* 180 (*App. Div.* 1952) reversed on other grounds 13 *N. J.* 162 (1953). He would be liable for the expense of any necessaries provided to his family because of his failure to provide them without just reason. *Levin v. Levin*, 130 *N. J. Eq.* 459. (*Ch.* 1941). A man's duty of support towards his former wife terminates when a judgment of divorce is entered in his favor because of the fault of his former wife. *Nappe v. Nappe*, 20 *N. J.* 337 (1956). As stated before, while this issue has not arisen with respect to orders of the Juvenile and Domestic Relations Court, the decisions of our appellate courts as to the effect of a divorce judgment on prior orders for separate maintenance under *N. J. S.* 2A :34–24 may shed some light on the issue here presented.

*Schimek v. Schimek*, 109 *N. J. Eq.* 395 (*Ch.* 1931), was an action brought to adjudge defendant in contempt for failure to pay arrearages arising out of a decree for separate maintenance. Defendant denied his liability on the basis of a.1928 decree of divorce which failed to provide for alimony. The court dismissed his defense because two years after the decree of divorce defendant had consented through counsel to the entry of an order for $20 per week, and again in 1930 defendant had been adjudged guilty of contempt and execution of the writ was withheld only on the condition of

his paying one-third of his weekly income. In denying defendant's contentions the court stated:

"In view of these two adjudications made long after the divorce decree, to one of which the defendant consented, he is barred now from claiming that he is no longer responsible under the maintenance decree. Complainant had a right to assume that he would make the payments as he agreed, and he cannot now raise technical objections to relieve himself of an obligation he voluntarily assumed.

Moreover, a decree for divorce alone does not merge or vacate a prior order for separate maintenance. *Corpus Juris*, 1 *Vol.* 30, *p.* 1076, § 870." (at *pp.* 396–397.)

*Schimek, supra,* was followed by the Court of Errors and Appeals in *Bowers v. Bowers,* 132 *N. J. Eq.* 431 (*E. & A.* 1942). There the husband continued to pay for ten years after complainant wife was granted a divorce in 1931 under a separate maintenance decree entered in 1929. The court referred to the failure of the wife to apply for alimony in the divorce proceeding in substitution for the support order in the maintenance proceeding as "a mere procedural defect",—one which did not affect the substantial rights of the parties.

In *Isserman v. Isserman,* 11 *N. J.* 106 (1952), a wife appealed the vacation of a decree of maintenance and support in her favor. The decree had been entered in 1927. In 1943 the husband instituted a divorce proceeding in Nevada and a final decree was entered in his favor. The wife had filed an appearance in the Nevada proceeding and contested the basic issues therein. The court held that the Nevada decree was *res adjudicata* as to the wife since she chose to appear and contest the action in Nevada rather than rely on her decree of separate maintenance in New Jersey. In reaching this conclusion the court said:

"Our statute on maintenance is applicable only where the relationship of husband and wife exists, and a decree of absolute divorce dissolves such relationship and thereby terminates the wife's right to thereafter sue or enforce an order for separate maintenance and support. *Peff v. Peff*, 2 *N. J.* 512, 525 (1949). This is subject to the

exception that where there is a failure to apply in the divorce proceeding for alimony in substitution for the support order granted in the maintenance proceeding, this is merely a procedural defect and the decree of divorce alone does not merge or vacate a prior order for separate maintenance. *Bowers v. Bowers*, 132 *N. J. Eq.* 431 (*E. & A.* 1942) ; *Schimek v. Schimek*, 109 *N. J. Eq.* 395 (*Ch.* 1931)." (at *p.* 114).

In *Equitable Life Assur. Society of U. S. v. Kretzschmar*, 21 *N. J.* 129, 135 (1956), Chief Justice Vanderbilt said that " [I] f the property settlement provisions in the separate maintenance decree are not dealt with in the subsequent divorce judgment in some definite or positive fashion or are not excluded or modified by inconsistent subsequent provisions in the divorce judgment, there is no substantive change in the rights of the parties but merely, what is termed in the *Isserman* case, 'a defect in procedure.' "

Finally, in *Messner v. Union County*, 34 *N. J.* 233 (1961), the court refused to allow complainant to recover funds paid to defendant for the support of complainant's former wife pursuant to an order entered in 1941 when said wife was committed to the New Jersey Hospital for the Insane at Marlboro. Complainant had received a divorce in 1947 but failed to have the support order vacated until 1959, at which time he brought this action to recover the monies paid from 1947 to 1959. The court said (at page 23) : "As the husband-wife status existed in 1941 and as the order of support was concededly properly entered, it did not automatically become void because an order of another court terminated the spousal relationship."

It seems clear from a reading of these cases that a judgment of divorce has no effect aside from terminating the marital relationship unless the matter is brought directly to the attention of the divorce court. The only rights affected by the judgment *per se* are those directly based on the continuing existence of the spousal relationship.

In the present case the husband won in the divorce court and thus is no longer liable for the support of his former

wife. Since he was successful the Superior Court had no reason to determine alimony or any other property rights and thus the silence of the judgment as to those issues.

█ Rephrasing the question, it must now be decided whether the wife, though no longer having any present or future right to support from her husband, can still enforce a prior order of support of the juvenile and domestic relations court with respect to arrears accumulated thereunder while she did have a right to support as determined by that court.

A somewhat similar issue arose in New Jersey, apparently for the first time, in *Garino v. Garino, 57 N. J. Super.* 575 (*App. Div.* 1959). Complainant-wife was awarded a divorce on the grounds of adultery but the court refused to allow proof as to money spent by her for her support. Complainant sought reparation of these funds, basing her claim on the common law duty of the husband to provide support. The court, while declining to decide whether such a cause of action would be possible in this State, denied complainant's action on the ground of laches, in that there was no apparent reason why she waited three years before suing on the cause of action she was then asserting or invoking any other remedy then available, such as an action for separate maintenance in Chancery or for support in the Juvenile and Domestic Relations Court.

The issue arose again in *Salmon v. Salmon, 88 N. J. Super.* 291, 311–312 (*App. Div.* 1965). The wife's application was denied primarily because she failed to show any equitable reason why she should be reimbursed.

While in both of these cases the court declined to award reimbursement to the wife, it seems clear that given a proper case such an award might be allowed. It is to be noted that what guided the Appellate Division in denying these applications is absent in the case at bar. Here the wife did seek an immediate remedy by obtaining an order of support in the Juvenile and Domestic Relations Court in Somerset County, and thus defendant herein cannot claim laches. He knew that there was a court order which could have been en-

forced at all times by an appropriate proceeding in the juvenile and domestic relations court.

*Lief v. Lief, supra,* cited by defendant, is factually distinguishable from the present case. In *Lief* the issue was whether after a wife's suit for divorce results in a decree of dismissal on the merits in which there is no reference to arrears accrued under a *pendente lite* order, the court could punish the husband for contempt for failure to pay such accrued alimony. The court held it could not under the doctrine of *res adjudicata* since the *pendente lite* award was by nature interlocutory and thus subject to final disposition at the termination of the suit. In this regard see also *Wilson v. Wilson,* 99 *N. J. Super.* 427 (*Ch. Div.* 1968), where the court held that a *pendente lite* order dies in every respect on the entry of a final judgment unless there is a reservation contained therein. The court further held that in a judgment of dismissal there could be no such reservation. In *Wilson* the attorney for the wife, who had been awarded counsel fees *pendente lite,* was denied reservation of such fees in the judgment of dismissal after reconciliation of the parties.

■■ *Lief,* as noted, applies only to interlocutory orders. A support order in the Juvenile and Domestic Relations Court, or, for that matter, an order of support in an action for separate maintenance in the Chancery Division, is not by nature interlocutory. A proceeding in the Juvenile and Domestic Relations Court is primarily designed to enforce the common law duty of the husband to provide suitable support for his family. It is a summary proceeding. *N. J. S.* 2A :4–18, *Russell v. Russell,* 99 *N. J. Super.* 423 (*Ch. Div.* 1967). See also *Lysick v. Lysick,* 91 *N. J. Super.* 394 (*App. Div.* 1966), and *Ricci v. Ricci,* 96 *N. J. Super.* 214 (*J. & D. R. Ct.* 1967).

■ Defendant's contention that the Superior Court, by granting him a divorce based on his wife's wrongdoing which he had asserted in the Somerset County Juvenile and Domestic Relations Court in 1963 as a defense to her complaint

for support, confirmed his position of nonliability for her support in that Court, and therefore the divorce judgment should be given retroactive effect and the arrears accrued under the support order for his wife cancelled, is without merit. At the time the order was entered in the Somerset County Juvenile and Domestic Relations Court for complainant's support the court presumably had determined that she was entitled to an award based on the proofs presented at the hearing and that she had done nothing that would deprive her of her right to support. The *quantum* of proof necessary in the Juvenile and Domestic Relations Court to support such an order had apparently been met. See *Russell v. Russell, supra.* The defendant in that proceeding had a right of appeal which he did not exercise. *R. R.* 6:3–11(*a*). Guided by the logic which controlled our Supreme Court in *Messner v. Union County, supra,* and also the Superior Court in *Garino v. Garino, supra,* it is my view that because the order was proper when entered, and because defendant failed to exercise his right to appeal he is barred from now seeking a retroactive vacation of the order of support in favor of his wife which was entered in the Somerset County Juvenile and Domestic Relations Court. The defendant should not now be permitted to use the Chancery Division of the Superior Court as an appellate tribunal to reverse a decision of the Juvenile and Domestic Relations Court.

It seems clear that where there is an absence of laches on the part of the wife as stated before, public policy would dictate an action for arrears under a support order of this court. First, if this application were denied, it might encourage other husbands in arrears on similar support orders to seek a divorce and relieve themselves of the financial burden accumulated against them. This is against the strong public policy of this State to preserve the marital bond. See *Wilson v. Wilson, supra.* Second, any decision weakening the power of this court to enforce its orders would greatly impair its effectiveness as a means of providing support to families where the husband fails. And third, it might readily

mean that money borrowed by the complainant, or expended from her own estate, for the support of the family, would remain unrepaid.

In the case of *Gerard v. Distefano*, 84 *N. J. Super* 396 (*Ch. Div.* 1964), an action was instituted for annulment based on the prior existing marriage of defendant. There the court held in part:

> "A *pendente lite* order for support was entered, and for some reason plaintiff's attorney had (so the plaintiff testified) told him he need not continue paying. An order of the court must be complied with until vacated.
>
> Plaintiff's argument that payment can await the outcome of the suit, since the one so ordered may prevail and thus be freed from the burden to support, is not tenable. If that were so, there would be no need for an *ad interim* order. Plaintiff will pay all arrearages of the *pendente lite* order forthwith." (at *p.* 403).

I conclude that since there is nothing in the judgment of divorce denying the enforcement of the wife's right to the arrears, and in view of the foregoing reasons compelling such enforcement, defendant-husband shall be liable under the order of the Somerset County Juvenile and Domestic Relations Court for the support of the children of the marriage until custody was transferred to defendant, and for the support of the wife until the entry of the divorce judgment. An order will be entered by this court in favor of the complainant upon proof or stipulation as to exact amount in issue.